OPINION
Defendant Kapuka Wai, Inc. appeals a judgment of the Municipal Court of Canton, Stark County, Ohio, which granted a judgment in favor of plaintiffs Robert W. and Bonnie A. Smith on their complaint for refund of their money from a purchase which they canceled. Appellant assigns two errors to the trial court:
ASSIGNMENTS OF ERROR
 I. THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN AWARDING PLAINTIFFS/APPELLEES DAMAGES DESPITE DEFENDANT/APPELLANTS NO REFUND POLICY.
 II. THE TRIAL COURT COMMITTED ERROR IN FINDING THAT PLAINTIFFS/APPELLEES DID NOT KNOW OF THE `NO REFUND" POLICY OF THE DEFENDANT/APPELLANT.
In its judgment entry of July 18, 2001, the court found appellant is an Ohio corporation engaged in selling scuba diving equipment, diving lessons, and diving trips. Appellant also trains individuals to obtain scuba diving certification. Jonathan Adamski is the principle shareholder and owner of appellant.
In December 2000, appellees first came to the store and purchased a mask and snorkel, and classes to obtain certification in scuba diving. Appellees purchased additional items on January 13, 2001. At the same time, they inquired about the possibility of scheduling a diving trip and purchasing extensive ScubaPro equipment.
On January 15, 2001, appellees purchased extensive Scuba-Pro equipment, and a Key West dive trip, for a total of $7,833.40. Appellees did not leave the store with any of the equipment.
On the following day, January 16, 2001, appellee Bonnie Smith notified appellant by telephone that because of appellee Robert Smith's ill health, he could not use the items and they had to be returned. The court noted appellee Bonnie Smith testified she had contacted appellant on a daily basis to cancel the order, while Jonathan Adamski testified the order was not canceled until January 29, 2001.
Adamski testified appellant had a no-refund policy, but appellees testified they were unaware of the no-refund policy. Adamski also testified in order for him to return the equipment to the company, he has to pay a twenty-five percent re-stocking charge, and further, he did not send any of the items back to the company.
The trial court concluded appellees had canceled their order by telephone on January 16, and 17, 2001. The court found the preponderance of the evidence did not demonstrate appellee knew of the no-refund policy. The trial court entered judgment in favor of appellees, offsetting credits appellant had already given. The court deducted the price of the open-water diver kit which appellees had accepted, and credited appellant with the twenty-five percent re-stocking fee which it could not recoup from its supplier. The court awarded appellees their Key West trip deposit. Thus, instead the $8234.66 appellees prayed for in their complaint, the court awarded them $5,352.85, plus interest from the date the judgment was entered.
 I
In its first assignment of error, appellant argues the trial court erred as a matter of law in awarding appellees damages despite its no-refund policy. Appellant introduced as evidence a copy of a no-refund sign it alleged it had posted in its store for many years. Appellant cites R.C. 1345.03, the Ohio's Consumers Sales Practices Act, which provides it is an unconscionable practice or act to refuse to make a refund in cash or by check for a returned item, unless the supplier has conspicuously posted in the establishment at the time of sale, a sign stating the supplier's refund policy. Appellant asserts it had such a sign posted, and as such, the trial court should have enforced the no-refund policy.
Appellees did not file their action based on the Ohio Consumers Sales Practices Act, and the trial court made no finding regarding whether there was no-refund policy sign. At trial, however, the question of whether the sign was in place when appellees made the purchases was contested. Although the court did not make a finding regarding the sign, the court stated it was not convinced by the preponderance of the evidence appellees knew of the policy.
On cross examination, Adamski admitted he refunded the cost of the diving classes when appellees bought the diving equipment, Tr. of proceedings at 50. Appellee Bonnie Smith testified she did not remember seeing the no-refund sign even though she had been in the store on three separate occasions, Tr. at 31.
In C.E. Morris Company v. Foley Construction Company (1978),54 Ohio St.2d 279, the Supreme Court directed us that judgments supported by competent and credible evidence going to the essential elements of the case must not be reversed as against the manifest weight of the evidence. The trial judge is best able to view the witnesses and observe their demeanor in weighing the credibility of the offered testimony. For this reason, we presume the findings of the trier of fact are correct, Seasons Coal Company v. Cleveland (1984), 10 Ohio St.3d 77. Weight of the evidence and credibility of the witnesses are for the finder of fact to determine, Shore, Shirley Company v. Kelley (1988),40 Ohio App.3d 10.
We have reviewed the record, and we find it was simply a matter of whom the trial court believed regarding the posting of the sign. Upon review, we must defer to the trial court.
The first assignment of error is overruled.
 II
In its second assignment of error, appellant argues the court ignored the evidence of the credit card sales receipt which set forth the no-refund policy.
As noted supra, Adamski admitted under some circumstances he would refund money, and in fact in the case at bar he did so. In addition, the record seems to indicate a misunderstanding about the return policy.
Bonnie Smith testified she specifically asked what would happen if, for example, something did not fit. She testified Adamski said "it was no problem to send it back." Smith testified she believed returning the items to the supplier was no problem. On direct, Adamski testified he was referring to the exchange policy, and did not tell appellees they could return the items for a refund of their money.
Again, we find we must defer to the trial court's decision regarding whether or not appellees knew of and understood the refund policy of appellant. Based upon this record, we find the trial court committed neither an error of law nor an abuse of discretion, particularly in light of the set-offs the trial court awarded to appellant.
The second assignment of error is overruled.
For the foregoing reasons, the judgment of the Municipal Court of Canton, Stark County, Ohio, is affirmed.
By GWIN, P.J., WISE, J., and BOGGINS, J., concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Municipal Court of Canton, Stark County, Ohio, is affirmed. Costs to appellant.